1 | Robyn E. Bladow (SBN 205189)
robyn.bladow@kirkland.com
2 | KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
3 | Los Angeles, CA 90071
Telephone: (213) 680-8400
4 | Facsimile: (213) 680-8500

5 | Diana Torres (SBN 162284)
diana.torres@kirkland.com
6 | Stacy Y. Kwon (SBN 338867)
stacy.kwon@kirkland.com
7 | KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
8 | Los Angeles, CA 90067
Telephone: (310) 552-4200
9 | Facsimile: (310) 552-5900

10 | *Attorneys for Defendant Hot Topic, Inc.*

11 | *(additional counsel on signature page)*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CATHERINE MOODY and ANDREW COHN, each individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

HOT TOPIC, INC.,

*Defendant*.

Case No. 5:23-cv-00447-JGB-SP

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

**[NOTE CHANGE MADE BY THE COURT IN § 12]**

1    Discovery in this action is likely to involve production of confidential,
2  proprietary, or private information for which special protection from public disclosure
3  and from use for any purpose other than prosecuting this litigation may be warranted.
4  Accordingly, the parties hereby stipulate to and petition the Court to enter the
5  following Stipulated Protective Order. The parties acknowledge that this Order does
6  not confer blanket protections on all disclosures or responses to discovery and that the
7  protection it affords from public disclosure and use extends only to the limited
8  information or items that are entitled to confidential treatment under the applicable
9  legal principles.

10    This action is likely to involve confidential and proprietary materials including,
11  but not limited to, commercially-sensitive trade secrets; marketing, sales and pricing
12  information; financial information; customer information and other information
13  implicating privacy rights of third parties; valuable research, development,
14  commercial, financial, technical and/or proprietary information; and other information
15  that warrants special protection from public disclosure and from use for any purpose
16  other than prosecution of this action. This action is also likely to involved information
17  that may be privileged or otherwise protected from disclosure under state or federal
18  statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow
19  of information, to facilitate the prompt resolution of disputes over confidentiality of
20  discovery materials, to adequately protect information the parties are entitled to keep
21  confidential, to ensure that the parties are permitted reasonable necessary uses of such
22  material in preparation for and in the conduct of trial, to address their handling at the
23  end of the litigation, and serve the ends of justice, a protective order for such
24  information is justified in this matter. It is the intent of the parties that information
25  will not be designated as confidential for tactical reasons and that nothing be so
26  designated without a good faith belief that it has been maintained in a confidential,
27  non-public manner, and there is good cause why it should not be part of the public
28  record of this case.

Plaintiffs Catherine Moody and Andrew Cohn ("Plaintiffs") and Defendant Hot Topic, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel, therefore agree and stipulate as follows regarding the disclosure of confidential information in this litigation:

**1.    Scope.**

All documents, electronically stored information, items, and other information produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained or revealed (including, among other things, initial disclosures, responses to discovery requests, deposition testimony, and exhibits), and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential or Highly Confidential Information as defined below. This Order shall apply to the Parties in the above-captioned case. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.    Confidential Information.**

As used in this Order, "Confidential Information" means any document, or any portion thereof, which contains confidential or proprietary business, commercial, research, personnel, product, or financial content belonging to the producing party or non-party, and which is designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation. Confidential Information may fall within one or more of the following categories: (a) information prohibited from disclosure by statute or contractual agreement; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. The parties will make reasonable efforts to ensure that information or documents that are available to the public are not

3

designated as Confidential Information.

**3.    Highly Confidential Information.**

      "Highly Confidential Information" means any document, or any portion thereof, which a producing party or non-party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure, particularly to existing or potential competitors or customers, would cause injury to the business, commercial, competitive, or financial interests of the producing party or non-party; and (iv) it is designated as "HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" for purposes of this litigation. By way of example only, Highly Confidential Information may include but is not limited to: (a) current or future business strategies and other strategic planning information; (b) projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost, and pricing information; or (j) intellectual property. Highly Confidential Information may also include personnel files that are designated as such for purposes of this litigation.

**4.    Designation.**

      **(a)**    A party may designate a document as Confidential or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" on the document is not

practicable, the producing party may designate the document as confidential by cover letter or slip sheet, or by affixing a label to the production media containing the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying such marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of documents designated as Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

**(b)** The parties agree when a receiving party wishes to challenge a designation, they will work together in good faith on an as-needed (and per document) basis to address any potential over (or under) designation, and as further set forth in Paragraph 11 below.

**5.    Depositions.**

Unless all parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of thirty (30) days after the transcript is delivered to the party being deposed. If counsel for the party being deposed states on the record, or provides written notice within the thirty (30) day period thereafter, that the deposition testimony should be treated as Highly Confidential Information, such

testimony will be treated as Highly Confidential Information for the thirty (30) days day period following the delivery of the transcript to the deponent. No later than the thirty (30) days after the transcript is delivered to the party being deposed, a party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information in the lower left-hand corner of each designated page. A party may request additional time for good cause shown if the party is unable to meet the above deadline. The Parties agree to meet and confer about any such requests in an effort to limit disputes that are brought to the Court's attention.

**6.     Protection of Confidential or Highly Confidential Material.**

    **(a)     General Protections.**

Except as set forth below, Confidential or Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than the prosecution or defense of claims in, or the settlement of, this litigation, including any appeal thereof. In this putative class action, Confidential or Highly Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class. Nothing in this Order, however, shall prevent or prejudice any party designating materials Confidential or Highly Confidential Information from using its own such designated documents for any purpose, including privately disclosing its own Confidential or Highly Confidential Information to others not mentioned in this Paragraph 6, and such private disclosure shall not waive the protections of this Order.

    **(b)     Limited Third-Party Disclosures.**

The parties and counsel for the parties shall not disclose or permit the disclosure

of any Confidential or Highly Confidential Information to any third person or entity except as set forth below in subparagraphs (1)-(12) and (1)-(11), respectively. As used herein, third-party disclosure refers to the circumstance where a document of one producing party is disclosed to an individual not associated with that party. Nothing in this section prevents or limits a document from a producing party from being disclosed to employees (or former employees, but only to the extent the former employee is the author, sender, or recipient of the document or, based on the contents of the document, has an active connection to the document) of that same producing party at a deposition.[1]  The party taking the deposition of a third party must provide this Order and Attachment A to this Order reasonably in advance of the noticed deposition date such that the deponent may review.

     Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

     1)    Counsel. Outside or in-house counsel for the parties and employees of such counsel who have responsibility for the preparation and trial of the action;

     2)    Parties. Individual parties and employees or former employees of a party, but only to the extent counsel has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the individual party, employee, or former employee has knowledge; and, for former employees, such former employee has completed the certification contained in Attachment A to this Order;

     3)    The Court and its personnel;

     4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

     5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process or host electronically stored documents, but

---

[1]    Employee refers to any director, employee, or officer of a company.

only after such persons have completed the certification contained in Attachment A to this Order;

      6)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A to this Order;

      7)    Witnesses. During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony that are designated as Confidential Information pursuant to Paragraph 5 may not be disclosed to anyone except as permitted under this Order.

      8)    Author or Recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation);

      9)    Identified Persons. Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, as well as the surrounding portions reasonably necessary to put in context the portion of the document in which the person or person's conduct is identified or referenced; and such person has completed the

certification contained in Attachment A to this Order; and

10)     Any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter; and

11)     If a party utilizes a mock jury trial, mock jurors who sign Attachment A to this Order.

12)     Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

**The following categories of persons may be allowed to review Highly Confidential Information**:

1)     Counsel. Outside counsel or in-house counsel for the parties and employees of such counsel who have responsibility for the action, provided that such individuals are regularly involved in counseling their client as it relates to this litigation and will not use or rely on this information in connection with any commercial business activity;

2)     The Court and its personnel;

3)     Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

4)     Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process or host electronically stored documents , but only after such persons have completed the certification contained in Attachment A to this Order;

5)     Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A to this Order;

6)      Witnesses. During, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the witness is expected to testify or about which the witness may have knowledge. Before disclosing any document pursuant to this paragraph, counsel who intends to disclose the document must first notify counsel for the designating party of their intent to do so. At depositions such notice may be accomplished by presenting a copy of the Highly Confidential Information to counsel for the designating party and permitting counsel an opportunity to object before the document is shown to the witness. Until the designating party agrees to the disclosure, or the Court orders such disclosure, Highly Confidential Information shall not be disclosed to or discussed with any witness. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

7)      Author or recipient. The author or recipient of the document (not including a person who received the document solely in the course of litigation);

8)      Identified Persons. Any person who is referenced in the document or whose conduct is purported to be identified in the document, provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications, or data about which the person has knowledge; disclosure to such person is limited to the portion of the document in which the person or person's conduct is identified or referenced, as well as the surrounding portions reasonably necessary to put in context the portion of the document in which the person or

person's conduct is identified or referenced;[2] and such person has completed the certification contained in Attachment A to this Order; and

    9)    Any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter and who have signed Attachment A to this Order; and

    10)    If a party utilizes a mock jury trial, mock jurors who sign Attachment A to this Order.

    11)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld;

To the extent any person is required to complete the certification contained in Attachment A to this Order, facsimile signatures or signatures transferred in electronic format (e.g., PDF) shall be treated as original signatures purposes of this Order.

**(c)    High-Level Summaries.**

Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering advice to his or her individual client in this litigation with respect to this matter or from relying upon or generally referring to documents designated under this Protective Order in rendering such advice; provided however, that in rendering such advice or in otherwise communicating with his or her client in this litigation, the attorney shall not reveal or disclose the specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

---

[2] A party may also object to the use of a Highly Confidential document at a deposition. This provision does not alter any party's ability to later object to the document's admission into evidence. The parties commit to meeting and conferring during the deposition in good faith to resolve any disputes, but any such efforts will not be considered as on record time. Nevertheless, to the extent the dispute is not resolved, the document may not be shown to the witness until the dispute is resolved if the producing party has a good faith belief that disclosure of the document will result in actual injury to the business, commercial, competitive, or financial interests of the producing party or non-party. If a document is not shown to the witness during the deposition, and the parties or court subsequently determine that the document may be shown to the witness, then the producing party will make available the witness for a reopened deposition limited to questioning related to the document within 14 days.

**(d)     Control of Documents.**

Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information. Counsel shall, upon request by the producing party made within ninety (90) days after the dismissal or entry of final judgment not subject to further appeal, maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case or provide them to the disclosing party.

**7.     Absent Class Members.**

Confidential or Highly Confidential Information may not be disclosed to absent members of a certified class (each an "Absent Class Member") who have not intervened or otherwise appeared in this litigation, except under the circumstances described in Paragraph 6(a)-(b) of this Order.

**8.     Inadvertent Failure to Designate.**

An inadvertent failure to designate a document as Confidential or Highly Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

**9.     Filing of Confidential or Highly Confidential Information.**

This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential or Highly Confidential Information in connection with a motion, brief, or other submission to the Court must comply with all applicable federal and local rules, including Civil

Local Rule 79-5, as well as the presiding Court's rules and standing orders.

**10.   No Greater Protection of Specific Documents.**

Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the parties otherwise agree or the party seeking greater protection moves for an order providing such special protection. Nothing in this Order shall prevent a party from seeking greater or lesser protection with respect to the use of any Confidential or Highly Confidential Information.

**11.   Challenges by a Party to Designation as Confidential or Highly Confidential Information.**

The designation of any document as Confidential or Highly Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a)   Meet and Confer.**

A party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated document, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within seven (7) business of the meet and confer.

**(b)   Judicial Intervention.**

A party that elects to challenge a confidentiality designation must follow the rules for discovery disputes outlined in the local rules and the presiding magistrate's rules and standing orders. The burden of persuasion in any such challenge proceeding shall be on the designating party, which shall have the right to respond to any motion filed by a challenging party. Until the Court rules on the challenge, all parties shall

continue to treat the document as Confidential or Highly Confidential Information under the terms of this Order. As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential Information.

**12.    Use of Confidential or Highly Confidential Documents or Information at Hearings and Trial.**

Nothing in this Order shall be construed to limit the use of any document at any trial or hearing provided that the parties take necessary advance precautions to avoid the public disclosure of Confidential or Highly Confidential Information. A party that intends to present or that anticipates that another party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum sufficiently in advance of the proceeding without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make orders to govern the use of such documents at hearing or trial.  This Order does not govern the use of Confidential or Highly Confidential Information at trial.

**13.    Third Parties.**

In seeking discovery from third parties, the parties shall attach this Order to a copy of any subpoena or other discovery request. Third parties from which discovery is requested are treated as parties to this Order and are entitled to the protections of this Order in responding to such requests.

**14.    Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)**    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in this action as Confidential or Highly Confidential Information, the receiving party must so notify the designating party, in writing, no more than five (5) court days after receiving the

subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must also promptly inform in writing the party that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential or Highly Confidential Information produced by the designating party in this case.

**(d)** If a receiving party is served with a valid subpoena or order that would compel disclosure of any document designated in this action as Confidential or Highly Confidential, and the producing party does not timely quash the subpoena or obtain a protective order relieving the receiving party from its duty to comply with that subpoena or order, that party may disclose such information as required by the subpoena or order.

**15.    Unauthorized Disclosure or Use.**

If a party learns that it or its counsel, officers, directors, employees, consultants, experts, or other agents have disclosed documents designated Confidential or Highly Confidential Information in any circumstance not authorized under this Order, that party must within two (2) business days of learning of such disclosure (a) notify the

designating party of the disclosure and all pertinent facts relating thereto, (b) make every reasonable effort to prevent disclosure by each unauthorized person who received such information, (c) use reasonable best efforts to retrieve all copies of the protected documents disclosed to unauthorized persons, (d) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (e) request that each such person execute the certification contained in Attachment A to this Order.

**16.    Obligations on Conclusion of Litigation.**

      **(a)    Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

      **(b)    Obligations at Conclusion of Litigation.** Within ninety (90) days after the later of (1) dismissal or entry of final judgment not subject to further appeal and (2) a request by the producing party, all Confidential and Highly Confidential Information, including copies as defined in Paragraph 4(a), shall be returned to the producing party or destroyed unless the document has been offered into evidence or filed without restriction as to disclosure. If a party chooses to destroy documents, it shall certify such destruction to the producing party at the time of destruction.

      **(c)    Retention of Work Product and Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) email correspondence related to their representation; (2) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information; and (3) one complete set of (a) all documents filed with or by the Court, including those filed under seal; (b) all transcripts of depositions, including exhibits; and (c) all final expert witness reports and supporting materials disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does

not disclose Confidential or Highly Confidential Information. Copies of all Confidential or Highly Confidential Information that are stored on a party's, or its counsel's, backup storage media made in accordance with regular data backup procedures are not subject to deletion within 90 days after dismissal or entry of final judgment not subject to appeal, provided that such copies of protected material will be deleted or written over in accordance with the established procedures of such system. Any copies of the Confidential or Highly Confidential Information that reside on such backup storage media remain subject to the terms of this Protective Order.

**17.    Order Subject to Modification.**

This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**18.    No Prior Judicial Determination.**

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**19.    Persons Bound.**

This Order shall take effect when entered by the Court and shall be binding upon all counsel of record and their respective law firms, the parties, and persons made subject to this Order by its terms.

**20.    Future Parties.**

The parties' objective is that the terms of this Order shall be binding upon all current and future parties to this litigation and their counsel. Any party appearing in the litigation following entry of this Order will be requested to review and execute this Order.

**21.    Personal Jurisdiction.**

Nothing herein shall be construed as a determination by the Court, or as a consent or waiver by any party, or parent or affiliate of any party, that such party, or parent or affiliate of a party, is subject to personal jurisdiction in this Court or that discovery as to such party, or parent or affiliate of a party, shall proceed pursuant to the Federal Rules of Civil Procedure.

**22.    Waiver.**

Nothing herein shall be construed as a waiver of any pending motion to dismiss or regarding discovery or the right of any party to seek further relief regarding discovery.

Dated:  December 21, 2023                    Respectfully submitted,

By: /s/ *Robyn E. Bladow*

Robyn E. Bladow (SBN 205189)
robyn.bladow@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Diana Torres (SBN 162284)
diana.torres@kirkland.com
Stacy Y. Kwon (SBN 338867)
stacy.kwon@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

*Attorneys for Defendant*
*Hot Topic, Inc.*

By: /s/ *Simon Franzini*
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: January 4, 2024

Honorable Judge Sheri Pym
United States Magistrate Judge

19

1

### **Attestation of Compliance**

2
Pursuant to L.R. 5-4.3.4, the filer, Robyn Bladow, attests that all other

3
signatories listed, and on whose behalf the filing is being submitted, concur in the

4
filing's content and have authorized the filing.

5
Dated:  December 21, 2023                              By: */s/ Robyn Bladow*

6
                                                                              Robyn Bladow

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A**

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Catherine Moody, et al. v. Hot Topic, Inc.*, Case No. 5:23-cv-00447-JGB-SP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____